UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN C. ROWLAND, | ) | CIV. 08-5076-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING MOTION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | FOR ATTORNEY'S FEES |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Stephen C. Rowland, moved for reversal of the Commissioner of Social Security's decision denying his application for disability insurance benefits under Titles II, XVI, and XVIII of the Social Security Act. On November 23, 2009, the court reversed and remanded the Commissioner's decision denying benefits. Rowland now seeks an award of $8,548.49 in attorney's fees and $512.91 in sales tax pursuant to the Equal Access to Justice Act, plus attorney's fees of $161.50 and sales tax of $9.69 for the time spent responding to Commissioner's objections. The Commissioner objects to the motion. The court grants Rowland's motion for attorney's fees.

## DISCUSSION

Under the Equal Access to Justice Act, the prevailing party in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this context, "substantially justified" means "justified to a

degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)).  The standard is whether the Commissioner's position is well founded in law and fact, "solid though not necessarily correct."  Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003).  The government bears the burden of proving that the denial of benefits was substantially justified.  Id. (citing Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991)).

In deciding whether Rowland was entitled to benefits or not, the record reveals no reasonable basis for the Administrative Law Judge's (ALJ) legal error in failing to comply with SSR 83-20 and determine the onset date of Rowland's disability, which was of a nontraumatic origin.  See also Grebenick v. Chater, 121 F.3d 1193, 1199 (8th Cir. 1997).  SSR83-20 requires consideration of the applicant's allegations, work history, and medical and other evidence when determining the onset date.  Instead of considering all this evidence, the ALJ relied on the opinion of a non-examining psychologist, which considered only the earliest medical evidence.

Thus, neither the ALJ's nor the Commissioner's position in this case was well founded in law and fact.  See Lauer, 321 F.3d at 764.  Accordingly, the government's position was not substantially justified and Rowland is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

The Commissioner does not object to the number of hours billed by Rowland's attorney. The court has reviewed the billing records and finds that the request for 52.85 hours is reasonable at a rate of $161.75 per hour, for a total amount of $8,548.49 for attorney's fees, plus sales tax of $512.91. The court also finds that Rowland is entitled to an additional award for the time spent responding to the Commissioner's objections and finds that an additional 1 hour is reasonable at the requested rate of $161.50, for a total of $161.50, plus sales tax of $9.69. See Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). Thus, the court finds that Rowland is entitled to a total fee award of $8,709.99 and sales tax of $522.60, representing 6 percent state and local sales tax on the fee.

## CONCLUSION

Accordingly, it is hereby

ORDERED that Rowland's motion for attorney's fees and costs (Docket 22) is granted in the amount of $8,709.99 in attorney's fees and $522.60 in sales tax.

IT IS FURTHER ORDERED that the administration issue the check to plaintiff's counsel because that will permit electronic deposit of funds.

Dated May 12, 2010

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE